# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RISA BILLUPS, | ) |
| as next friend of the minor child, | ) |
| S.B. | ) |
| and | ) |
| S.B., individually | ) |
| 1400 Congress Place, SE #304 | ) |
| Washington, DC 20020 | ) |
| | ) |
| and | ) |
| | ) |
| CAROLYN JEPPSEN | ) |
| as next friend of the minor child, | ) |
| M.J. | ) |
| and | ) |
| M.J., individually | )    Civil Action No. _____ |
| 5818 Chevy Chase Pkwy, NW | ) |
| Washington, DC 20015 | ) |
| | ) |
| and | ) |
| | ) |
| CLAUDETTE AUSTIN-JOHNSON | ) |
| as next friend of the minor child, | ) |
| Ry.S.J. | ) |
| and | ) |
| Ry.S.J., individually | ) |
| 5529 13th Street, NW | ) |
| Washington, DC 20002 | ) |
| | ) |
| and | ) |
| | ) |
| TONDALIEA BRAXTON | ) |
| as next friend of the minor child, | ) |
| De.B. | ) |
| and | ) |
| De.B. individually | ) |
| 1122 21th Street, NE | ) |
| Washington, DC 20002 | ) |
| | ) |
| and | ) |
| | ) |
| TONDALIEA BRAXTON, | ) |
| as next friend of the minor child, | ) |

Da.B.                                              )
and                                                )
Da.B., individually                                )
1122 21th Street, NE                               )
Washington, DC 20002                               )
                                                   )
and                                                )
                                                   )
VANESSA BROWN,                                     )
as next friend of the minor child,                 )
E.M.                                               )
and                                                )
E.M., individually                                 )
2700 Bruce Place, SE                               )
Washington, DC 20020                               )
                                                   )
and                                                )
                                                   )
JANICE ROBERTS,                                    )
as next friend of the minor child,                 )
T.R.                                               )
and                                                )
T.R., individually                                 )
1635 U Street, SE                                  )
Washington, DC 20020                               )
                                                   )
and                                                )
                                                   )
BETTY FLORENCE,                                    )
as next friend of the minor child,                 )
A.F.                                               )
and                                                )
A.F., individually                                 )
509 Oglethorpe Street, NW                          )
Washington, DC 20011                               )
                                                   )
and                                                )
                                                   )
ELLEN DOUGLASS DALTON                              )
as next friend of the minor child,                 )
Q.J., a ward of District of Columbia               )
and                                                )
Q.J., individually                                 )

1008 Pendleton Street                                         )
Alexandria, VA 22314                                         )
                                                             )
and                                                          )
                                                             )
ELLEN DOUGLASS DALTON                                        )
as next friend of the minor child,                           )
C.D., a ward of District of Columbia                         )
and                                                          )
C.D., individually                                           )
1008 Pendleton Street                                        )
Alexandria, VA 22314                                         )
                                                             )
and                                                          )
                                                             )
HUNNORA CARTER-MAYRANT                                       )
as next friend of the minor child,                           )
P.M.                                                         )
and                                                          )
P.M., individually                                           )
1525 F Street, NE, #C22                                      )
Washington, DC 20002                                         )
                                                             )
and                                                          )
                                                             )
SHAQUANNA MILLER                                             )
as next friend of the minor child,                           )
L.M.                                                         )
and                                                          )
L.M., individually                                           )
1218 Canal Street, SW                                        )
Washington, DC 20024                                         )
                                                             )
and                                                          )
                                                             )
WILLIAM E. HOUSTON                                           )
as next friend of the minor child,                           )
O.L., a ward of District of Columbia                         )
and                                                          )
O.L., individually                                           )
1008 Pendleton Street                                        )
Alexandria, VA 22314                                         )
                                                             )

and                                              )
                                                 )
WILLIAM E. HOUSTON,                              )
as next friend of the minor child,              )
M.L., a ward of District of Columbia            )
and                                              )
M.L., individually                              )
1008 Pendleton Street                            )
Alexandria, VA 22314                            )
                                                 )
and                                              )
                                                 )
CHARMAINE CHINN                                  )
as next friend of the minor child,              )
T.C.                                             )
and                                              )
T.C., individually                              )
1445 Savannah Street, S.E. #102                 )
Washington, D.C. 20032                          )
                                                 )
and                                              )
                                                 )
OLIVER ROY                                       )
as next friend of the minor child,              )
N.R.                                             )
and                                              )
N.R., individually                              )
3430 23rd Street, SE                             )
Washington, DC 20020                             )
                                                 )
and                                              )
                                                 )
ELEANOR YOUNG                                    )
as next friend of the minor child,              )
J.C.,                                            )
and                                              )
J.C., individually                              )
3339 P Street, NW                                )
Washington, DC 20002                             )
                                                 )
and                                              )
                                                 )

4

SHELIA JOHNSON                          )
as next friend of the minor child,      )
S.J.,                                   )
and                                     )
S.J., individually                      )
4506 Douglas Street, NE                 )
Washington, DC 20019                    )
                                        )
and                                     )
                                        )
MONICA HEMPHILL                         )
as next friend of the minor child,      )
L.H.                                    )
and                                     )
L.H., individually                      )
711 21st Street, NE, Apt. 198           )
Washington, DC 20002                    )
                                        )
and                                     )
                                        )
CARRIE WILKINS                          )
as next friend of the minor child,      )
J.W.                                    )
and                                     )
J.W., individually                      )
2909 South Dakota Ave, NE,              )
Washington, DC 20002                    )
                                        )
and                                     )
                                        )
STEPHANIE SCOTT                         )
as next friend of the minor child,      )
W.S.                                    )
and                                     )
W.S., individually                      )
1743 Hobart Street                      )
Washington, DC 20009                    )
                                        )
and                                     )
                                        )
NATASHA GROOMS                          )
as next friend of the minor child,      )
T.G.                                    )

5

and                                              )
T.G., individually                               )
1428 L Street, SE, Apt. 1                         )
Washington, DC 20003                             )
                                                 )
and                                              )
                                                 )
CECILY ANDERSON                                  )
as next friend of the minor child,               )
C.A.                                             )
and                                              )
C.A., individually                               )
2105 I Street  NE #1                              )
Washington, DC 20002                             )
                                                 )
and                                              )
                                                 )
WILLIAM E. HOUSTON,                              )
as next friend of the minor child,               )
T.C.                                             )
and                                              )
T.C., individually,                              )
1008 Pendleton Street                            )
Alexandria, VA 22314                             )
                                                 )
and                                              )
                                                 )
WILLIAM E. HOUSTON,                              )
as next friend of the minor child,               )
M.E., ward of District of Columbia               )
and                                              )
M.E., individually                               )
1008 Pendleton Street                            )
Alexandria, VA 22314                             )
                                                 )
and                                              )
                                                 )
CARRIE WILKINS,                                  )
as next friend of the minor child,               )
D.W.                                             )
and                                              )
D.W., individually                               )
2909 South Dakota Ave NE                         )

Washington, DC 20018       )
       )
and       )
       )
NELLIE LYNCH,       )
as next friend of the minor child,       )
A.F.       )
and       )
A.F., individually       )
647 Franklin Street, NE       )
Washington, DC 20017       )
       )
and       )
       )
CRYSTAL FORD,       )
as next friend of the minor child,       )
D.F.       )
and       )
D.F., individually       )
4452 Douglas Street, NE       )
Washington, DC 20019       )
       )
and       )
       )
LINDA PARISH       )
as next friend of the minor child,       )
C.P       )
and       )
C.P., individually       )
5408 N. Helen Burroughs Road       )
Washington, DC 20019       )
       )
and       )
       )
ELLEN DOUGLASS DALTON,       )
as next friend of the minor child,       )
C.M., ward of the District of Columbia       )
and       )
C.M., individually       )
1008 Pendleton Street       )
Alexandria, VA 22314       )
       )
and       )

7

WILLIAM HOUSTON,                                    )
as next friend of the minor child,                 )
T.L., ward of the District of Columbia,            )
and                                                )
T.L.., individually                                )
1008 Pendleton Street                              )
Alexandria, VA 22314                               )
                                                   )
and                                                )
                                                   )
WILLIAM HOUSTON,                                   )
as next friend of the minor child,                 )
D.L., ward of the District of Columbia,            )
and                                                )
D.L., individually                                 )
1008 Pendleton Street                              )
Alexandria, VA 22314                               )
                                                   )
and                                                )
                                                   )
CHARLISSA TOMLINSON,                               )
as next friend of the minor child,                 )
K.T.                                               )
and,                                               )
K.T., individually                                 )
215 54th Street, N.E.                              )
Washington, D.C. 20019                             )
                                                   )
and                                                )
                                                   )
WILLIAM E. HOUSTON,                                )
as next friend of the minor child,                 )
J.H., ward of the District of Columbia,            )
and                                                )
J.H., individually                                 )
1008 Pendleton Street                              )
Alexandria, VA 22314                               )
                                                   )
and                                                )
                                                   )
MARIAN HERBERT                                     )
as next friend of the minor child,                 )

K.B.,                                              )
and                                                )
K.B., individually                                 )
229 R. Street, N.E.                                )
Washington, D.C. 20002                             )
                                                   )
and                                                )
                                                   )
DIONNE ONLEY                                       )
as next friend of the minor child,                 )
J.O.                                               )
and                                                )
J.O., individually                                 )
4919 12th Street NE                                )
Washington, D.C. 20017                             )
                                                   )
and                                                )
                                                   )
LISA HENRY ADAMS                                   )
as next friend of the minor child,                 )
D.H.                                               )
and                                                )
D.H., individually                                 )
2425 Naylor Road, SE                               )
Washington, DC 20020                               )
                                                   )
and                                                )
                                                   )
ELLEN DOUGLASS DALTON,                             )
as next friend of the minor child,                 )
P.S., ward of the District of Columbia,            )
and                                                )
P.S., individually                                 )
1008 Pendleton Street                              )
Alexandria, VA 22314                               )
                                                   )
and                                                )
                                                   )
CLAUDETTE AUSTIN-JOHNSON                            )
as next friend of the minor child,                 )
Ra.S.J.                                            )
and                                                )
Ra.S.J., individually                              )

5529 13th Street, N.W.                          )
Washington, D.C. 20011                          )
                                                )
and                                             )
                                                )
WILLIAM E. HOUSTON,                             )
as next friend of the minor child,             )
Tv.L., ward of the District of Columbia,        )
and                                             )
Tv.L., individually                            )
1008 Pendleton Street                           )
Alexandria, VA 22314                            )
                                                )
and                                             )
                                                )
MIA BAILEY                                      )
as next friend of the minor child,             )
T.B.                                            )
and                                             )
T.B., individually                             )
5211 Cloud Place NE                             )
Washington, D.C. 20011                          )
                                                )
and                                             )
                                                )
PAIGE JENKINS                                   )
as next friend of the minor child,             )
D.B.                                            )
and                                             )
D.B., individually                             )
5228 Banks Place, NE                            )
Washington, DC 20019                            )
                                                )
and                                             )
                                                )
REGINA PIXLEY                                   )
as next friend of the minor child,             )
E.H.                                            )
and                                             )
E.H., individually                             )
5344 C Street, SE #302                          )
Washington, DC 20017                            )
                                                )

and                                        )
                                           )
RENNAE FORD                                )
as next friend of the minor child,         )
W.P.                                       )
and                                        )
W.P., individually                         )
5618 Clay Place                            )
Washington, DC 20019                       )
                                           )
and                                        )
                                           )
CASSANDRA WHISENTON                        )
as next friend of the minor child,         )
V.W.                                       )
and                                        )
V.W., individually                         )
119 Division Avenue, NE                     )
Washington, DC 20019                       )
                                           )
and                                        )
                                           )
ALICE BEGEMANN                             )
as next friend of the minor child,         )
C.B.                                       )
and                                        )
C.B., individually                         )
2643 Douglass Road, SE #2                   )
Washington, DC 20020                       )
                                           )
v.                                         )
                                           )
GOVERNMENT OF THE DISTRICT OF              )
COLUMBIA                                   )
A Municipal Corporation                    )
                                           )
                    Defendant.             )
                                           )
Serve:                                     )
                                           )
Robert Spagnoletti,                        )
Attorney General                          )
District of Columbia                       )

11

441 4th Street, N.W.                          )
Washington, DC 20001                         )
                                             )
and                                          )
                                             )
Mayor Adrian Fenty                           )
Office of the Secretary                      )
1350 Pennsylvania Avenue, N.W.               )
Washington, DC 20004                         )
                                             )
_____            )

## **COMPLAINT**

### **JURISDICTION**

**1.**    Jurisdiction of this Court is founded in 28 U.S.C. § 1331, and the Individuals with

Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*

**2.**    Each Plaintiff is a minor child, the parent/guardian, or court appointed educational advocate

of a minor child.  All Plaintiffs are or were residents or wards of the District of Columbia during

the time of the underlying administrative proceedings.

**3.**    Defendant is a municipal corporation.  As one of its governmental functions, Defendant

operates the District of Columbia Public Schools System ("DCPS").  DCPS is responsible for

affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is

responsible for issuing checks in payment of reasonable attorneys' fees and costs incurred by the

Plaintiffs who prevail in pursuing claims under IDEA.

**4.**    All of the below cases and invoices for attorneys' fees were filed pursuant to the

$4,000.00 cap as outlined in the 2006 District of Columbia's Appropriations Act.

**5.**    Section 122 of the District of Columbia Appropriations Act of 2006

("Section 122")[1] caps "the fees of an attorney who represents a party in an action . . . including an administrative proceeding, brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act" at $4,000.00. 109 Pub. L. 115.

## FACTS

6.    **M.J.**

On January 23, 2006, a Due Process Hearing was held. Ellen D. Dalton, Esq., acted on behalf of M.J. and her parent Carolyn Jeppsen. The Hearing Officer ordered DCPS to fund and place the student at The River School for the 2005-2006 School Year. Plaintiffs were therefore the prevailing parties.

On February 6, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $9,680.50.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $5,680.50.

7.    **S.B.**

On January 12, 2006, a Due Process Hearing was held. Jessica M. Smith, Esq., acted on behalf of S.B. and her parent Risa Billups. The Hearing Officer ordered: DCPS to place and fund the student at the Maryland School for the Blind for school year 2005-2006 and provide transportation. Plaintiffs were therefore the prevailing parties.

On February 6, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to

---

[1]        At the time of filing this Complaint, Congress had not yet passed the District of Columbia Appropriations Act of 2007.

13

DCPS in the amount of $10,430.00.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$6,430.00.

**8.**    **Ry.S.J.**

On December 14, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq.,

acted on behalf of Ry.S.J. and his parent Claudette Austin-Johnson.  The Hearing Officer ordered

DCPS fund placement at Accotink Alternative Learning Center.  Plaintiffs were therefore the

prevailing parties.

On February 6, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to

DCPS in the amount of $13,781.40.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$9,781.40.

On September 12, 2005, another  Due Process Hearing was held. Ellen Douglass Dalton,

Esq., acted on behalf of Ry.S.J. and his parent Claudette Austin-Johnson.  The Hearing Officer

ordered DCPS to fund an independent review of DCPS's clinical evaluation.  Plaintiffs were

therefore the prevailing parties.

On February 6, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to

DCPS in the amount of $ 3,718.00.

To date, $ 1,286.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiffs cap is $ 2,432.00.

14

The total outstanding amount owed under the cap is $2,432.00.

The total outstanding amount owed over the cap is $9,781.40.

**9.    <u>De.B.</u>**

On September 12, 2005, a Due Process Hearing was held. Laura E. Duos, Esq., acted on behalf of De.B. and his parent Tondaliea Braxton.  The Hearing Officer ordered: Psycho-Educational and Clinical Psychological Evaluations.  Plaintiffs were therefore the prevailing parties.

On March 23, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 1,482.00.

To date, $ 0.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiffs is $ 1,482.00.

**10.    <u>Da.B.</u>**

On September 12, 2005, a Due Process Hearing was held. Laura E. Duos, Esq., acted on behalf of  Da.B. and his parent Tondaliea Braxton.  The Hearing Officer ordered: Speech-Language and Occupational Therapy Evaluations.  Plaintiffs were therefore the prevailing parties.

On March 23, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 1,462.50.

To date, $ 0.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiffs is $ 1,462.50.

**11.    <u>E.M.</u>**

On February 17, 2006, a Due Process Hearing was held. Talib A. Shahid, Esq., acted on

behalf of E.M. and his parent Vanessa Brown. The Hearing Officer ordered: Psycho-Educational, Adaptive Vineland Assessment and Occupational Therapy Evaluation. Plaintiffs were therefore the prevailing parties.

On March 23, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 5,334.00.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $1,334.00.

**12.    T.R.**

On February 21, 2006 and March 23, 2006, Due Process Hearings were held. Ellen D. Dalton, Esq., acted on behalf of T.R. and his parent Janice Roberts. The Hearing Officer ordered: Independent Clinical Psychological Evaluation and placement at High Road Primary School. Plaintiffs were therefore the prevailing parties.

On March 23, 2006, pursuant to IDEA, two petitions for attorneys' fees were submitted to DCPS in the amount of $ 4,424.00 and $ 5,119.50, totaling $9,543.50

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $5,543.50.

**13.    A.F.**

On March 13, 2006, a Due Process Hearing was held. Ellen D. Dalton, Esq., acted on behalf of A.F. and her guardian Betty Florence. The Hearing Officer ordered: DCPS to reimburse the guardian Betty Florence Four Hundred and Six Dollars and Twenty-Five Cents

($406.25) and to pay Dr. Emmanuel Olarinde's bill of One Thousand Three Hundred and Twenty

Dollars ($1,320) for his Clinical Neuropsychological Evaluation. Plaintiffs were therefore the

prevailing parties.

On March 23, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to

DCPS in the amount of $ 5,221.50.

To date, $ 1,799.50  has been received.

Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of

attorneys' fees owed to Plaintiffs under that cap is $ 2,200.50

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$1,221.50.

**14.    Q.J.**

On February 2, 2006, a Due Process Hearing was held. Ellen D. Dalton, Esq., court

appointed educational advocate, acted on behalf of Q.J., a ward of the District of Columbia.  The

Hearing Officer ordered DCPS to place and fund the student at the Accotink Alternative

Learning Center with transportation. Plaintiffs were therefore the prevailing parties.

On March 23, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to

DCPS in the amount of $ 10,609.50.

To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$6,609.50.

**15.    C.D.**

On March 15, 2006, a Due Process Hearing was held. Ellen D. Dalton, Esq., court

appointed educational advocate, acted on behalf of C.D., a ward of the District of Columbia.  The Hearing Officer ordered: an Occupational Therapy Evaluation, a Functional Behavior Assessment, and DCPS to fund and place the student at National Children's Center with transportation. Plaintiffs were therefore the prevailing parties.

On March 23, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 7,776.50.

To date, $ 3,510.50  has been received.

Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of attorneys' fees owed to Plaintiffs under that cap is $ 489.50.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $3,776.50.

**16.    P.M.**

On April 3, 2006, a Due Process Hearing was held. Talib A. Shahid, Esq., acted on behalf of  P.M. and his parent Hunnora Carter-Mayrant.  The Hearing Officer ordered: Clinical Psychological, Speech-Language and Educational Evaluations.  Plaintiffs were therefore the prevailing parties.

On April 18, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 5,510.50.

To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $1,510.50.

18

17.    **L.M.**

On March 16, 2006, a Due Process Hearing was held. Jessica M. Smith, Esq., acted on behalf of L.M. and his parent Shaquanna Miller.  The Hearing Officer ordered: DCPS to fund an independent Clinical Evaluation and Occupational Therapy Evaluation.  Plaintiffs were therefore the prevailing parties.

On April 18, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 13,564.25

To date, $ 3,756.75  has been received.

Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of attorneys' fees owed to Plaintiffs under that cap is $ 243.25.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $9,564.25.

18.    **O.L.**

On March 30, 2006, a Due Process Hearing was held. William E. Houston, Esq., court appointed educational advocate, acted on behalf of O.L., a ward of the District of Columbia.  The Hearing Officer ordered: Clinical Psychological, Psycho-Educational and Speech-Language Evaluations.  Plaintiffs were therefore the prevailing parties.

On April 18, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 6,215.00.

To date, $ 3,190.00  has been received.

Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of attorneys' fees owed to Plaintiffs under that cap is $ 810.00.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $2,215.00.

19.    **M.L.**

On March 30, 2006, a Due Process Hearing was held. William E. Houston, Esq., court appointed educational advocate, acted on behalf of M.L., a ward of the District of Columbia. The Hearing Officer ordered: Clinical Psychological, Psycho-Educational and Speech-Language Evaluations.  Plaintiffs were therefore the prevailing parties.

On April 18, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 5,610.00.

To date, $ 2,887.50  has been received.

Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of attorneys' fees owed to Plaintiffs under that cap is $ 1,112.50.

The outstanding amount of attorneys' fees owed to Plaintiffs over the $4,000.00 cap is $1,610.00.

20.    **T.C.**

On March 21, 2006, a Due Process Hearing was held. Talib A. Shahid, Esq., acted on behalf of T.C, and his parent, Charmaine Chinn.  The Hearing Officer ordered: Clinical Psychological Evaluation. Plaintiffs were therefore the prevailing parties.

On April 18, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 6,315.00.

To date, $ 2,390.00  has been received.

Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of

attorneys' fees owed to Plaintiffs under that cap is $ 1,610.00.

The outstanding amount of attorneys' fees owed to Plaintiffs over the $4,000.00 cap is $2,315.00.

**21.    N.R.**

On April 4, 2006, a due process hearing convened.  William E. Houston, Esq. acted on behalf of N.R. and his parent Oliver Roy.  The Hearing Officer ordered DCPS to conduct an audiological evaluation prior to May 8, 2006 and convene an MDT meeting prior to May 10, 2006.  Plaintiffs were therefore the prevailing parties.

On May 10, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $14,774.50.

To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $10,774.50.

**22.    J.C.**

On April 24, 2006 an HOD was issued.  William E. Houston, Esq. acted on behalf of J.C. and his parent Eleanor Young.  The Hearing Officer ordered DCPS to convene an MDT meeting within 20 calendar days to review all evaluations and determine the student's placement and develop a compensatory education plan.  Plaintiffs were therefore the prevailing parties.

On May 10, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $11,053.50.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$ 7,053.50.

On June 22, 2006, an HOD was issued. William E. Houston, Esq., acted on behalf of J.C. and his parent Eleanor P. Young.  The Hearing Officer found that DCPS had failed to comply with a prior Hearing Officer's Determination and denied FAPE to J.C..  The Hearing Officer ordered DCPS to immediately place and fund the student at the Benilde Program at St. John's College High School.  Plaintiffs were therefore the prevailing parties.

On July 25, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 3,135.00.

To date, $-0- has been received.

The total outstanding amount owed under the cap is $3,135.00.

The total outstanding amount owed over the cap is $7,053.50.

**23.** **S.J.**

On April 19, 2006, a Due Process Hearing was held. Talib Abdus-Shahid, Esq., acted on behalf of S.J. and her parent, Shelia Johnson.  The Hearing Officer ordered DCPS to convene an IEP meeting within ten school days.  Plaintiffs were therefore the prevailing parties.

On May 10, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $6,375.00.

To date, $ 2,690.00  has been received.

Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of attorneys' fees owed to Plaintiffs under that cap is $ 1,310.00

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $ 2,375.00.

24.    **L.H.**

On April 19, 2006, a Due Process Hearing was held. Talib Abdus-Shahid, Esq., acted on behalf of L.H. and her parent, Monica Hemphill. The Hearing Officer ordered DCPS to fund an independent speech and language evaluation and to convene an MDT meeting within fifteen days of receiving the evaluation. Plaintiffs were therefore the prevailing parties.

On May 10, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $8,222.50.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $ 4,222.50.

25.    **J.W.**

On April 24, 2006, a Due Process Hearing was held. Talib Abdus-Shahid, Esq., acted on behalf of J.W., and her parent, Carrie Wilkins. The Hearing Officer ordered DCPS to fund ten hours of speech-language services, if it failed by April 28, 2006 to produce evidence that such services were previously rendered. Plaintiffs were therefore the prevailing parties.

On May 10, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $9,002.00.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiffs over the cap is $ 5,002.00.

26.    **W.S.**

On April 27, 2006, a due process hearing convened. Ellen Douglass Dalton, Esq. acted on behalf of W.S. and his parent Stephanie Scott. The Hearing Officer ordered DCPS to

23

reimburse the parents for tuition at the River School and to fund the student's placement at the River School.  Plaintiffs were therefore the prevailing parties.

On May 10, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $14,908.50.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $10,908.50.

**27.    <u>T.G.</u>**

On May 3, 2006, a due process hearing convened.  Ellen Douglass Dalton, Esq. acted on behalf of T.G. and her parent Natasha Grooms.  The Hearing Officer ordered DCPS to fund placement for the student at Accotink Academy, to fund an independent speech and language evaluation, and to convene an MDT meeting.  Plaintiffs were therefore the prevailing parties.

On May 10, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $7,435.50.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $ 3,435.50.

On August 23, 2006, a  a due process hearing convened.  Ellen Douglass Dalton, Esq. acted on behalf of T.G. and her parent Natasha Grooms. The Hearing Officer ordered DCPS place and fund the student at Accotink Academy with transportation for the school year 2006/2007.  Plaintiffs were therefore the prevailing parties.

On September 14, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to

DCPS in the amount of $ 6,969.00

     To date, $ -0-  has been received.

     The outstanding amount of attorneys' fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

     The outstanding amount of attorneys' fees owed to Plaintiffs over the $4,000.00 cap is 2,969.00.

     The total outstanding amount owed under the cap is $4,000.00.

     The total outstanding amount owed over the cap is $6,404.50.

**28.**    **<u>C.A.</u>**

     On April 25 and May 8, 2006, Due Process Hearings were held. Jessica M. Smith, Esq., acted on behalf of C.A. and his parent Cecily Anderson.  The Hearing Officer ordered: an independent neuropsychological evaluation (including a comprehensive psychological evaluation), an audiological evaluation (including auditory processing and language processing), an occupational therapy evaluation and a classroom observation.  Plaintiffs were therefore the prevailing parties.

     On June 26, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 11,016.50

     To date, $ -0-  has been received.

     Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of attorneys' fees owed to Plaintiffs under that cap is $ 4,000.00

     The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $ 7,016.50.

On June 29, 2006, a Due Process Hearing was held.  Jessica M. Smith, Esq. acted on behalf of C.A. and his parent Cecily Anderson.  The Hearing Officer ordered: DCPS to immediately issue a Prior Notice placing C.A. at Lindamood Bell Learning Processes for the summer 2006 with transportation..  Plaintiffs were therefore the prevailing parties.

On July 25, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 5,038.39.

To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $1,038.39.

The total outstanding amount owed under the cap is $ 4,000.00.

The total outstanding amount owed over the cap is $ 8,054.89.

**29.    T.C.**

On April 25, 2006 and May 12, 2006, Due Process Hearings were held. William E. Houston, Esq.,  acted on behalf of T.C. an adult student.  The Hearing Officer ordered: DCPS to fund the student's current placement at NCIA, Woodlawn, Maryland and Youth in Transition School, Woodlawn, Maryland for their failure to convene an MDT/ Transition meeting. Plaintiff was therefore the prevailing party

On June 22, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 10,402.50

To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $6,402.50.

30.   **M.E.**

On May 3, 2006, a Due Process Hearing was held. William E. Houston, Esq., court appointed educational advocate, acted on behalf of M.E., a ward of the District of Columbia. The Hearing Officer ordered: DCPS to conduct a Psycho-Educational, Clinical Psychological, Psychiatric, Speech-Language Evaluations and  Neurological Evaluation.  Plaintiffs were therefore the prevailing parties.

On June 22, 2006, pursuant to IDEA, two petitions for attorneys' fees were submitted to DCPS in the amount of $ 2,915.00 and $3,865.00 respectively.

On September 14, 2006, pursuant to IDEA, a subsequent petition for attorneys' fees was submitted to DCPS in the amount of $7,792.50 which combined the previous two invoices and added additional time.

To date, $-0-  has been received.

The total amount of attorneys' fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

The total amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $3,792.50.

31.   **D.W.**

On May 22, 2006, a Due Process Hearing was held. William E. Houston, Esq., acted on behalf of D.W., and his parent Carrie Wilkins.  The Hearing Officer ordered: DCPS to convene an MDT meeting to comply with the prior Hearing Officer's Determination.  Plaintiffs were therefore the prevailing parties.

On June 22, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 9,105.00.

To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $5,105.00.

**32.    A.F.**

On June 6, 2006, a Due Process Hearing was held. William E. Houston, Esq., acted on behalf of A.F., and her parent Nellie Lynch. The Hearing Officer ordered DCPS to fund an independent educational and comprehensive psychological evaluation. Plaintiffs were therefore the prevailing parties.

On June 22, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 8,140.00.

To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $4,140.00.

**33.    D.F.**

On May 15, 2006, a Due Process Hearing was held. Paul S. Dalton, Esq., acted on behalf of D.F., and her mother Crystal Ford.  The Hearing Officer Ordered DCPS to perform a Psycho-Educational Evaluation, a Comprehensive Psychological Evaluation, a Speech & Language Evaluation and a social history. Plaintiffs were therefore the prevailing parties.

On June 22, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $ 6,540.00.

To date, $4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$2,540.00.

**34.**    <u>**C.P.**</u>

On June 26, 2006, a Due Process Hearing was held.  William E. Houston, Esq. acted on

behalf of C.P. and his parent Linda Parrish.  The Hearing Officer ordered: DCPS to fund a

dedicated aide for the student at Accotink for the 2006-2007 school year.   Plaintiffs were

therefore the prevailing parties.

On July 25, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS

in the amount of $ 6,520.00.

To date, $4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$2,520.00.

**35.**    <u>**C.M.**</u>

On July 10, 2006, a Due Process Hearing was held. Ellen Douglass Dalton, Esq., court

appointed educational advocate, acted on behalf of  C.M., a ward of the District of Columbia.

The Hearing Officer ordered: DCPS to fund the an independent clinical evaluation; to convene a

MDT/eligibility meeting to review the student's previous ineligibility as LD and consider and

other disability classifications as a result of the clinical evaluation.  Plaintiff was therefore the

prevailing party.

On July 25, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS

in the amount of $ 4,382.00.

To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$382.00.

**36.** **T.L.**

On July 18, 2006 , a Due Process Hearing was held.  William E. Houston, Esq., court appointed educational advocate, acted on behalf of T.L., a ward of the District or Columbia. The Hearing Officer ordered DCPS to provide copies of all of the student's education records. Plaintiffs were therefore the prevailing parties.

On August 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $9,405.00

To date, $ -0- has been received.

The outstanding amount of attorneys' fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $5,405.00.

**37.** **D.L.**

On July 24, 2006 , a Due Process Hearing was held.  William E. Houston, Esq., court appointed educational advocate, acted on behalf of D.L., a ward of the District or Columbia. The Hearing Officer ordered DCPS to perform a psychological evaluation and convene an MDT/IEP meeting.  Plaintiffs were therefore the prevailing parties.

On August 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $10,992.50.

To date, $ -0- has been received.

The outstanding amount of attorneys' fees owed to Plaintiff under the $4,000.00 cap is

$4,000.00.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $6,992.50.

**38.    K.T.**

On July 19, 2006 , a Due Process Hearing was held.  William E. Houston, Esq., acted on behalf of K.T., and his mother Charlissa Tomlinson. The Hearing Officer granted all the relief requested and ordered DCPS to convene an IEP/ placement meeting within 15 business days to revise the IEP, discuss and decide placement and discuss the student's Carnegie units.   Plaintiffs were therefore the prevailing parties.

On August 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $7,452.50.

To date, $-0-  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $3,452.50.

**39.    J.H.**

On June 27, 2006 , a Due Process Hearing was held.  William E. Houston, Esq., court appointed educational advocate, acted on behalf of J.H., a ward of the District or Columbia.  The Hearing Officer ordered DCPS to conduct a Level 2 vocational assessment within 45 days giving the parent the right to obtain an independent assessment if the evaluation is not completed within the required time period, perform a psychological evaluation and convene an MDT/IEP meeting.

Plaintiffs were therefore the prevailing parties.

On August 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $11,934.00.

To date, $-0- has been received.

The outstanding amount of attorneys' fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $7,934.00.

**40.     K.B.**

On July 10, 2006 , a Due Process Hearing was held. Laura E. Duos, Esq., acted on behalf of K.B., and her mother Marian Herbert. The Hearing Officer ordered DCPS to immediately provide the student's assistive technology to the student's current school.  Plaintiffs were therefore the prevailing parties.

On August 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $3,473.50.

To date, $ -0- has been received.

The outstanding amount of attorneys' fees owed to Plaintiffs is $3,473.50.

**41.     J.O.**

On June 26, 2006, Paul S. Dalton, Esq. entered into a settlement agreement with DCPS on behalf of J.O. and his mother, Dionne Onley.   DCPS agreed to fund an independent clinical evaluation and functional behavior assessment.  DCPS also agreed to pay reasonable attorneys' fees up to $4,000.00.

On August 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $6,117.50.

To date, $-0- has been received.

The outstanding amount of attorneys' fees owed to Plaintiff is $4,000.00.

**42.** **D.H.**

On July 26, 2006, a Due Process Hearing was held. William E. Houston, Esq., acted on behalf of D.H., and his parent Lisa Henry Adams. The Hearing Officer ordered DCPS to fund an independent clinical evaluation, psychoeducational evaluation, neuropsychological evaluation and occupatonal therapy evaluation. Plaintiffs were therefore the prevailing parties.

On September 14, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $8,112.50.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $4,112.50.

On September 20, 2006 a Due Process Hearing was held. William E. Houston, Esq. acted on behalf of D.H. and his parent Lisa Henry Adams. The Hearing Officer entered a directed verdict, finding that DCPS failed to provide appropriate related services to the student and therefore denied the student a FAPE. The Hearing Officer ordered DCPS to convene an MDT/IEP meeting to develop and implement an appropriate Compensatory Education Plan. Plaintiffs were therefore the prevailing parties.

On October 19, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $4,320.00.

To date, $3,480.00  has been received.

Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of attorneys' fees owed to Plaintiffs under that cap is $520.00.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $320.00.

The total outstanding amount owed under the cap is $ 520.00.

The total outstanding amount owed over the cap is $4,432.50.

43.    **P.S.**

On August 11, 2006 , a Due Process Hearing was held.  Paul S. Dalton, Esq., court appointed educational advocate, acted on behalf of P.S., a ward of the District or Columbia.  The Hearing Officer ordered DCPS to place and fund the student at Accotink Academy for the 2006-2007 school year.  Plaintiffs were therefore the prevailing parties.

On September 14, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $4,508.00

To date, $-0-  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $  508.00.

44.    **Ra.S.J.**

On August 21, 2006, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq., acted on behalf of Ra.S.J. and her mother Claudette Austin-Johnson. The Hearing Officer

ordered DCPS to place and fund the student at The High Road School of Washington for the 2006-2007 school year.   Plaintiffs were therefore the prevailing parties.

On September 14, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $6,858.50.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $2,858.50.

**45.    Tv.L.**

On August 22, 2006 , a Due Process Hearing was held.  William E. Houston, Esq., court appointed educational advocate, acted on behalf of Tv.L., a ward of the District or Columbia. The Hearing Officer ordered DCPS to fund an independent clinical evaluation, psychoeducational evaluation, neuropsychological evaluation, psychiatric evaluation and a speech and language evaluation.  Plaintiffs were therefore the prevailing parties.

On September 14, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $10,100.00.

To date, $-0-  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $6,100.00.

**46.    T.B.**

On August 3, 2006, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq., acted

on behalf of T.B. and her mother Mia Bailey. The Hearing Officer ordered DCPS to fund an independent a clinical evaluation, psychoeducational evaluation, and a speech and language evaluation.  Plaintiffs were therefore the prevailing parties.

On September 14, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $8,100.50.

To date, $4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $4,100.50.

47.    **D.B.**

On September 15, 2006 a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.B. and his parent Paige Jenkins.  The Hearing Officer found that DCPS had denied the student a FAPE.  The Hearing Officer ordered DCPS to immediately place and fund the student at the Episcopal Center For Children in Washington, DC for the 2006-2007 school year.  Plaintiffs were therefore the prevailing parties.

On October 19, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $5,482.00.

To date, $ 4,000.00 has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $1,482.00.

48.    **E.H.**

On September 18, 2006 a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of E.H. and his parent Regina Pixley.  The Hearing Officer ordered: DCPS to fund

placement at Accotink Academy.  The Plaintiffs were therefore the prevailing parties.

On November 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $6,438.50.

To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is $2,438.50.

**49.    W.P.**

On September 20, 2006, DCPS entered into a Settlement Agreement.   Ellen Douglass Dalton, Esq., acted on behalf of W.P. and his parent Renee Ford.  In the Settlement Agreement, DCPS agreed to pay reasonable attorney fees not to exceed $1,000.00.

On November 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to DCPS in the amount of $2,103.50.

To date, $ -0-  has been received.

The outstanding amount of attorneys' fees owed to Plaintiffs pursuant to the Settlement Agreement is $ 1,000.00.

**50.    V.W.**

On August 23, 2006 a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of V.W. and his parent Casandra Whisenton.  The Hearing Officer incorporated a partial agreement of the parties in his decision and found that DCPS shall immediately place and fund the student at High Road School of Prince Georges County in Maryland for the 2006-2007 school year.  Plaintiffs were therefore the prevailing parties.

On November 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to

DCPS in the amount of $13,594.68.

   To date, $ 4,000.00  has been received.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$9,594.68

**51.**   **C.B.**

On October 3, 2006 a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted

on behalf of C.B. and his parent Alice Begemann. The Hearing Officer ordered DCPS to fund an

independent occupational therapy evaluation and to place and fund the student at the High Road

Primary School.   Plaintiffs were therefore the prevailing parties.

On November 15, 2006, pursuant to IDEA, a petition for attorneys' fees was submitted to

DCPS in the amount of $6,490.00.

   To date, $ 2,969.00  has been received.

Although there is currently a $4,000.00 cap on attorneys' fees, the outstanding amount of

attorneys' fees owed to Plaintiffs under that cap is $1,031.00.

The outstanding amount of attorneys' fees owed to Plaintiff over the $4,000.00 cap is

$2,490.00.

**COUNT ONE**

**52**.    Plaintiff repeats and realleges paragraphs 1 - 51.

**53**.    An incongruity continues to exist between Section 122 of the District of Columbia

Appropriations Act of 2006 and the provision of the IDEA that permits Courts to award

attorneys' fees.  Section 122 arbitrarily caps "the fees of an attorney who represents a party in an

action . . . including an administrative proceeding, brought against the District of Columbia

38

Public Schools under the Individuals with Disabilities Education Act" at $4,000.00.  109 Pub. L.

115.  However, Section 122 is silent as to where Congress gets its authority to restrict an Article

III Court's ability to award and enforce judgments in IDEA cases.  Case law is consistent in

interpreting Section 122 as allowing Courts to order attorney fees in excess of the $4,000.00

cap;[2]  however, under Section 122, the District of Columbia cannot use the funds appropriated to

it by Congress to pay for attorney fees in excess of $4,000.00.  In *Calloway v. D.C.*, the D.C.

Circuit "recognize[d] the potential incongruity of courts' awarding fees that [Section 122]

prohibits the District from paying during the same fiscal year."  216 F.3d 1, 10 (D.C. Cir. 2000).

Consistent with the holdings of the U.S. Supreme Court,[3] the Circuit Court left it to Congress to

resolve the incongruity between the IDEA and Section 122.  *See Id.*  Congress reauthorized the

IDEA in 2004 (the new law went into effect on July 1, 2005).  In this most recent reauthorization,

Congress added mandatory resolution sessions prior to holding a due process hearing in an effort

to give the schools and the parents the opportunity to resolve the disagreements in a constructive

and positive way and without involving attorneys.  If, however, the matter cannot be resolved at

the resolution session, the parent is permitted to proceed to a due process hearing with legal

representation.  Pursuant to § 1415 of the IDEA, the prevailing party may recover reasonable

attorneys' fees.  In reauthorizing the IDEA, however, Congress failed to resolve the continuing

incongruity that exists between Section 122 and the IDEA.  Congress recognized that the cap

exists; however, Congress did not attempt to reconcile the conflict.  *See* 20 U.S.C. §

---

[2]      *See Blackman v. D.C.*, 150 F. Supp. 2d 133 (D.D.C. 2001); *Blackman v D.C.*, 397 F. Supp. 2d 12 (D.D.C. 2005).

[3]       *See TVA v. Hill*, 437 U.S. 153 (1978) (leaving it to Congress to resolve the incongruity of appropriating funds for a dam that another statute prohibited).

1415(i)(3)(B)(ii). Thus, the Courts cannot leave it up to Congress to resolve this issue.

## COUNT TWO

**54**.    Plaintiff repeats and realleges paragraphs 1 - 51.

**55**.    Section 122 arbitrarily caps "the fees of an attorney who represents a party in an action . . . including an administrative proceeding, brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act" at $4,000.00. 109 Pub. L. 115. There is no support justifying why the cap is set at $4,000.00. Nationally, the District of Columbia is the only local education agency that places a limit on attorneys' fees. The cap was originally put into place in an attempt to allocate more resources to special education in the District of Columbia and curb the growth of legal expenses. This arose in part due to a Compliance Agreement entered into by the U.S. Secretary of Education and DCPS in 1998 "mandating that DCPS 'be in full compliance with the requirements of [IDEA in] no later than three years.'" *Calloway*, 216 F.3d at 4; *see also* 63 Fed. Reg. 41370. However, it is now 2007 and DCPS is far from being in full compliance with IDEA. Therefore, the cap has not had the intended effect of improving DCPS's compliance with the requirements of IDEA. Furthermore, in light of the recent decision by the United States Supreme Court, the cap undermines the purpose behind the IDEA by limiting the procedural safeguards of low-income families. In *Schaffer v. Weast*, the Supreme Court stated, "Litigating a due process complaint is an expensive affair, costing schools approximately $8,000.00 - $12,000.00 per hearing." 126 S. Ct. 528, 535 (2005). Additionally, the Supreme Court held that prevailing parents cannot recover experts fees in IDEA cases. *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 126 S. Ct. 2455, 2457 (U.S. 2006). There is no effective remedy for District of Columbia residents in complex IDEA

cases, because the District of Columbia cap restricts low-income parents from being able to afford such costly litigation.  The cap effectively limits the access of District of Columbia's poor families to quality legal representation, which impairs their due process protections under the IDEA.

**RELIEF**

WHEREFORE, Plaintiffs respectfully request that this honorable Court:

A.      Find that the cap imposed under Section 122 of the District of Columbia Appropriations Act of 2006 is arbitrary and limits access to the due process protections provided by the IDEA;

B.      Find that the Defendant has, with respect to each Plaintiff, deprived said Plaintiff of rights, privileges, and the benefits that are available and secured by the laws of the United States, specifically 20 U.S.C. § 1400 *et seq.*;

C.    Award each Plaintiff damages as follows:

**Relief Sought Under the Cap**:

| | |
|---|---|
| Ry.S.J. and Claudette Austin-Johnson | $ 2,432.00 |
| De.B. and Tondaliea Braxton | $ 1,482.00 |
| Da.B. and Tondaliea Braxton | $ 1,462.50 |
| A.F. and Betty Florence | $ 2,200.50 |
| C.D., ward of District of Columbia | $   489.50 |
| L.M. and Shaquanna Miller | $   243.25 |
| O.L., ward of the District of Columbia | $   810.00 |
| M.L. ward of the District of Columbia | $ 1,112.50 |
| T.C. and Charmaine Chinn | $ 1,610.00 |
| J.C. and Eleanor Young | $ 3,135.00 |
| S.J. and Shelia Johnson | $ 1,310.00 |

| | |
|---|---|
| T.G. and Natasha Grooms | $ 4,000.00 |
| C.A. and Cecily Anderson | $ 4,000.00 |
| M.E., ward of the District of Columbia | $ 4,000.00 |
| T.L., ward of the District of Columbia | $ 4,000.00 |
| D.L., ward of the District of Columbia | $ 4,000.00 |
| K.T. and Charlissa Tomlinson | $ 4,000.00 |
| J.H., ward of the District of Columbia | $ 4,000.00 |
| K.B. and Marian Herbert | $ 3,473.50 |
| J.O. and Dionne Onley | $ 4,000.00 |
| D.H. and Lisa Henry Adams | $   520.00 |
| P.S., ward of the District of Columbia | $ 4,000.00 |
| Tv.L., ward of the District of Columbia | $ 4,000.00 |
| W.P. and Renee Ford | $1,000.00 |
| C.B. and Alice Begemann | $1,031.00 |

Totaling **$ 62,311.75** under the cap.

**Relief Sought Over the Cap**:

| | |
|---|---|
| M.J. and Carolyn Jeppsen | $ 5,680.50 |
| S.B. and Risa Billups | $ 6,430.00 |
| Ry.S.J. and Claudette Austin-Johnson | $ 9,781.40 |
| E.M. and Vanessa Brown | $ 1,334.00 |
| T.R. and Janice Roberts | $ 5,543.50 |
| A.F. and Betty Florence | $ 1,221.50 |
| Q.J., ward of District of Columbia | $ 6,609.50 |
| C.D., ward of District of Columbia | $ 3,776.50 |
| P.M. and Hunnora Carter-Mayrant | $ 1,510.50 |
| L.M. and Shaquanna Miller | $ 9,564.25 |
| O.L., ward of the District of Columbia | $ 2,215.00 |
| M.L., ward of the District of Columbia | $ 1,610.00 |
| T.C. and Charmaine Chinn | $ 2,315.00 |
| N.R. and Oliver Roy | $10,774.50 |

| | |
|---|---|
| J.C and Eleanor Young | $ 7,053.50 |
| S.J. and Shelia Johnson | $ 2,375.00 |
| L.H. and Monica Hemphill | $ 4,222.50 |
| J.W. and Carrie Wilkins | $ 5,002.00 |
| W.S. and Stephanie Scott | $10,908.50 |
| T.G. and Natasha Grooms | $ 6,404.50 |
| C.A. and Cecily Anderson | $ 8,054.89 |
| T.C., adult student | $ 6,402.50 |
| M.E., ward of the District of Columbia | $ 3,792.50 |
| D.W. and Carrie Wilkins | $ 5,105.00 |
| A.F. and Nellie Lynch | $ 4,140.00 |
| D.F. and Crystal Ford | $ 2,540.00 |
| C.P. and Linda Parrish | $ 2,520.00 |
| C.M., ward of the District of Columbia | $   382.00 |
| T.L., ward of the District of Columbia | $ 5,405.00 |
| D.L., ward of the District of Columbia | $ 6,992.50 |
| K.T. and Charlissa Tomlinson | $ 3,452.50 |
| J.H., ward of the District of Columbia | $ 7,934.00 |
| D.H., and Lisa Henry Adams | $ 4,432.50 |
| P.S., ward of the District of Columbia | $   508.00 |
| Ra.S.J. and Claudette Austin-Johnson | $ 2,858.50 |
| Tv.L., ward of the District of Columbia | $ 6,100.00 |
| T.B. and Mia Bailey | $ 4,100.50 |
| D.B. and Paige Jenkins | $ 1,482.00 |
| E.H. and Regina Pixley | $ 2,438.50 |
| V.W. and Casandra Whisenton | $ 9,594.68 |
| C.B. and Alice Begemann | $ 2,490.00 |

Totaling **195,057.72** over the cap.

Total combined amount of Relief sought  **257,369.47.**

D.    Award to each Plaintiff pre-judgment interest and post-judgment interest on each damage

award;

E.    Award Plaintiffs the attorneys' fees and costs incurred by virtue of the instant lawsuit;

and

F.    Award any other relief this Court deems appropriate and just.

Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq. (Bar. No. 439118)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)

_____/s/_____
Ellen Douglass Dalton, Esq. (Bar. No. 411612)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)

_____/s/_____
William E. Houston, Esq. (Bar. No. 450223)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)

Counsel for Plaintiffs

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RISA BILLUPS, as next friend of the minor child, S.B., et al. | Government of the District of Columbia |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | D.C. | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|---|

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Paul S. Dalton, Esq.<br>DALTON, DALTON & HOUSTON, P.C.<br>1008 Pendleton Street<br>Alexandria, VA 22314<br>(703) 739-4300 | Robert Spagnoletti, Attorney General<br>District of Columbia<br>441 4th Street, N.W.<br>Washington, DC 20001 |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- O 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- O 2 U.S. Government Defendant
- O 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**O A. Antitrust**

- ☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**O E. General Civil (Other)     OR     O F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☒ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Petition for attorneys' fees for prevailing parties pursuant to 20 U.S.C. Sec. 1400 et seq.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** 257,369.47 **JURY DEMAND:** | Check YES only if demanded in complaint YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**     (See instruction)     YES ☐     NO ☒     If yes, please complete related case form.

DATE 2/20/2007          SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.