UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RISA BILLUPS, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 07-0367 |
| | : (JR) |
| DISTRICT OF COLUMBIA, | : |
| | : |
| Defendant. | : |

## DEFENDANT'S MOTION TO DISMISS

Comes now defendant, District of Columbia, by counsel, and moves this honorable Court to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12 (b)(6). The grounds for defendant's Motion to Dismiss are set forth in the accompanying Memorandum of Points and Authorities. An appropriate proposed Order is also attached.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,  Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

May 14, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RISA BILLUPS, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 07-0367 |
| : | (JR) |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**Procedural Statement**

On February 20, 2007, plaintiffs filed the instant Complaint, seeking reimbursement for attorney's fees from the District of Columbia, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400, *et seq*. Forty six plaintiffs are named, twelve of whom are attorneys from the law firm bringing the lawsuit, allegedly acting in their capacity as educational advocates appointed by the D.C. Superior Court. The Complaint contains two counts which are virtually identical to the counts included in two prior lawsuits brought by the same law firm, *Gray v. District of Columbia,* Civ. No. 06-0144 (D.D.C.), which was dismissed by the honorable Judge Urbina on March 12, 2007 (March 12, 2007 Memorandum Opinion [24]), and *Jackson v. District of Columbia,* Civ. No. 07-0138 (D.D.C.), which is currently under advisement by the honorable Judge Kessler for a ruling on defendant's Motion to Dismiss. (April 23, 2007 Order) [13].[1]

---

[1] In *Jackson,* plaintiffs change the date listed in *Gray* from 2005 to 2007 in Count Two and reference *Arlington Cent. Sch. Dist. Bd. Of Educ. v. Murphy,* 126 S. Ct. 2455, 2457 (2006), for the proposition that

2

In this case, as in *Gray* and *Jackson,* the first Count of the Complaint alleges that "an incongruity continues to exist" between Section 122 of the District of Columbia Appropriations Act of 2006,[2] which caps IDEIA attorneys' fees at $4,000, and the provision of the IDEIA that permits courts to award attorney's fees, and asserts that "the Courts cannot leave it up to Congress to resolve this issue." Complaint at 39, par. 53. The second Count of the Complaint, as in *Gray* and *Jackson*, alleges that the attorneys' fees cap "effectively limits the access of the District of Columbia's poor families to quality legal representation, which impairs their due process protections under the IDEA." Complaint at 40, par. 55.

Plaintiffs here seek, *inter alia,* as they did in *Gray* and *Jackson*, to have this honorable Court:

> A. [f]ind that the cap imposed under Section 122 of the District of Columbia Appropriations Act of 2006[3] is arbitrary and limits access to the due process protections provided by the IDEA.
>
> B. Find that the Defendant has, with respect to each Plaintiff, deprived said Plaintiff of rights, privileges, and the benefits that are available and secured by the laws of the United States, specifically 20 U.S.C. Sec. 1400 *et seq.*

Complaint, Prayer for Relief

---

prevailing parties can no longer recover expert fees in IDEA cases. (Complaint at 53) In the instant case, plaintiffs reference 2006 and number of the applicable section of the District of Columbia Appropriations Act, which changed from Section 327 to 122. (Complaint at 53 and 55) There is no substantive change in the law's provision under attack.

[2] Referenced as section 327 of the D.C. Appropriations Act of 2005, (in *Gray,* and section 327 of the D.C. Appropriations Act of 2007, in *Jackson*).

[3] The instant Prayer for Relief substitutes Section 122 for Section 327 and the year 2006 for 2005 (*Gray)* and 2007 (*Jackson).*

3

## ARGUMENT

### I.  Standard Of Review For Dismissal Of A Complaint Pursuant To Fed. R. Civ. P. 12(b)(6)

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)).  However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts.  *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint.  *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987)

### II.  The Complaint Fails To Allege That The Defendant Is Violating The Plaintiffs' IDEIA rights.

Plaintiffs' first count alleges that there is an incongruity between the fee cap imposed by the District of Columbia Appropriations Act of 2006 and the provision of the IDEIA that permits courts to award attorney's fees.  Since Congress has not reconciled that conflict the courts should do so, claim the plaintiffs.  (Complaint at 38-39, par. 53)  How this count alleges a violation of any of plaintiffs' rights under the IDEIA is unclear.

While plaintiffs' Complaint asserts jurisdiction generally under IDEIA (*See* Complaint, par. 1), it fails to include any Count alleging that defendant violated the

plaintiffs' rights under the statute. The Complaint contains only a factual recitation that the plaintiffs were prevailing parties at due process hearings, that they submitted petitions for attorneys' fees pursuant to the IDEIA, and that they did not receive the full amount requested. Even were this Court to accept the factual recitation as an allegation of a violation of the IDEIA, the Complaint would still need to be dismissed since plaintiffs have not established a predicate statutory violation. "Only the court (and not the defendant) may award the plaintiffs reasonable attorneys' fees 20 U.S.C. Sec. 1415(i)(3)(B) (stating that the *court* may award reasonable attorneys' fees' in any district court proceeding to enforce IDEA rights)." *Gray v. District of Columbia* Civ. No. 06-0144 (D.D.C. March 12, 2007), Memorandum Opinion at 8 [24]. Thus, since "plaintiffs do not have a statutory right to enforce until a court awards them attorneys' fees …[t]he complaint … cannot possibly be read to allege that the defendant is violating the plaintiffs' statutory rights." *Bowman v. District of Columbia* Civ. No. 06-016 (D.D.C. March 20, 2007), Memorandum Opinion at 6 [13]. *See also Gray, supra,* March 12, 2007 Memorandum Opinion.

Further, "assuming, *arguendo,* that the plaintiffs have a statutory right to collect attorneys' fees from the defendant absent court order, there is no indication on the face of the complaint that the defendant is improperly reducing the amount of the requested fee awards. It makes no sense to read the IDEA as requiring the defendant to pay each and every fees request submitted by an attorney without any scrutiny or review." *Bowman, supra,* Memorandum Opinion [13] at 7.

### III. The Fee Cap Does Not Violate Due Process Nor Impermissibly Limit The Court's Authority To Award Fees.

Plaintiffs' second count claims that the fee cap "effectively limits the access of District of Columbia's poor families to quality legal representation, which impairs their due process protections under the IDEA." (Complaint at 40, par. 55) Again, it is unclear how this count alleges any violation of the named plaintiffs' rights. There are no allegations that any of the named plaintiffs were denied quality representation when represented administratively by the same counsel appearing for plaintiffs in the instant lawsuit.

As stated earlier, plaintiffs' two counts, on which they base their prayer for relief, have previously been ruled upon and dismissed by the Honorable Richard Urbina. In his Memorandum Opinion in *Gray,* granting defendants' Motion to Dismiss, Judge Urbina relied on earlier Circuit court cases for the proposition that "the fee cap does not violate due process and [] does not constitute an impermissible limit on the court's authority to award fees. *Calloway v. District of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000); *see also Jester v. District of Columbia*, --- F.3d ---, 2007 WL 148830, at *2 (D.C. Cir. Jan. 23, 2007) (vacating a district court order requiring the District of Columbia to pay attorney's fees in excess of $4,000 and stating that '[i]n *Calloway v. District of Columbia* … we held that the district court may award the full amount of attorney's fees, but the District cannot pay a fee award beyond the limit set by the cap')…." (Memorandum Opinion [24]at 6) Here, as in *Gray,* the Court should dismiss plaintiffs' Complaint for a failure to state a claim.

6

**IV.    Ms. Dalton and Mr. Houston are Improper Parties to the Instant Lawsuit**

Twelve of the forty-six named plaintiffs in the instant Complaint are wards of the District of Columbia. They are allegedly represented by Ellen Douglas Dalton and William E. Houston here, because counsel is their "court appointed" educational advocate. What the Complaint does not state is that counsel was appointed, not by the United States District Court for the District of Columbia, but by the District of Columbia Superior Court, Family Division.[4] The issues of whether an educational advocate appointed in such a manner has the ability to collect attorneys' fees in this court, and whether court-appointed educational advocates may act as both plaintiffs and counsel of record pursuant to D.C. Rule 3.7 has been fully brief and is pending before the honorable Judge Urbina, in a companion case to *Gray, Bowman v. District of Columbia,* Civ. No. 06-0016 (D.D.C.) filed by the same attorneys. The following arguments by the defendant reflect those earlier filed in *Bowman.*

    **A.    Ms. Dalton and Mr. Houston Have Neither the Capacity Nor the Authority to Appear in this Court as Plaintiffs on Behalf of the Named Wards of the District of Columbia.**

The relationship of Ms. Dalton and Mr. Houston to the individual students identified as a ward of the District of Columbia, appears to grow out of appointments as "educational advocates" by the Family Division of the District of Columbia Superior Court in Neglect and Abuse proceedings. In all such cases, however, a guardian *ad litem*

---

[4] While the instant Complaint does not specify how counsel was appointed educational advocate, this Complaint, as well as that in the *Bowman* matter, contains the same wording in the factual paragraphs identifying counsel as "court appointed educational advocate." Plaintiffs, in their briefs to the Court in *Bowman,* verify that they were appointed by the D.C. Superior Court. Counsel in the *Bowman* matter initially named CFSA as next friend of the wards of the District of Columbia, but subsequently amended the Complaint to substitute their own names for that of CFSA.

is appointed by that court to represent the child generally; in some cases, an educational advocate may also (or later) be appointed to deal with educational issues that may arise in that court's deliberations. Thus, to the extent the child's parent or guardian themselves do not here appear for the child, the guardian *ad litem* would be the next logical representative to appear. Even if counsel's claim of right to appear as "next friend" plaintiff were otherwise proper, such an appearance would not be permissible unless the appointing court disqualified the guardian *ad litem* from representing the child. *See Garrick v. Weaver*, 888 F.2d 687, 692-93, (10th Cir. 1989); *Susan R.M. by Charles L.M v. Northeast Independent School District*, 818 F.2d 455, 458 (5th Cir. 1987); *T.W. v. Brophy*, *supra*, 124 F.3d 893, 895 (7th Cir. 1997). Yet there is no indication that any such disqualification occurred here. See also Fed.R.Civ.P. 17(c) (a minor "who *does not have a duly appointed representative* may sue by a next friend"; emphasis added).

Further, the interests of Mr. Houston and Ms. Dalton are not those of the minors for whom they seek to appear as sponsoring plaintiffs. In the normal course, a representative of a minor – the parent or guardian – would retain counsel to pursue an administrative due process hearing at DCPS for the minor, and would be obligated to pay fees for those services. Any ensuing action would be brought by the minor's representative, for reimbursement for services they had commissioned and were responsible for. There is no such circumstance here. The minors here are hardly responsible for the attorneys' fees. And no adult legally responsible for the minor is identified who undertook that obligation. At bottom, while claiming to be next friend representatives of the named minors, the above referenced attorneys seek instead to be plaintiffs in their own right – pursuing their own financial interests, not those of the

8

named minors.  And there is no basis for according them that inherently conflicting status.

Additionally, there is no indication here that the appointment of Ms. Dalton or Mr. Houston as educational advocates by the Family Court granted any authority for counsel to initiate due process hearings at DCPS, or to independently pursue fee payments in this Court under IDEA.  In fact, Rule 42(d) of the Superior Court directs that attorneys fees for time expended pursuant to an appointment are to be submitted to, and paid by, the Superior Court – and subject to the limitations of D.C. Code §16-2326.01.

Among the limitations set forth in D.C. Code Sec. 16-2326.01 are the following:

(c)(1)(4) In cases where representation is furnished *other than before the Superior Court of the District of Columbia* or the District of Columbia Court of Appeals, *claims shall be submitted to the Superior Court of the District of Columbia which shall fix compensation and reimbursement to be paid.*  [Emphasis added]

(f)(1) Claims for compensation and reimbursement in excess of the maximum amount provided in subsection (b) may be approved for *extended or complex representation* when the payment is necessary to provide fair compensation.  *The request for payment shall be submitted by the attorney for approval by the chief judge of the Superior Court of the District of Columbia* upon recommendation of the presiding judge in the case.  [Emphasis added]

Additionally, The Family Division of Superior Court of the District of Columbia ("Superior Court") has issued a comprehensive plan ("Plan") governing "the furnishing of legal services to parents, children, caretakers, custodians and guardians who have been deemed eligible to be represented by counsel, pursuant to D.C. Code Sec. 16-2304(b), in neglect proceedings."  (*See* Plan attached as Exhibit 1).  Section II of the Plan describes how appointments under the Plan are made.  Section B states, *inter alia*, that "[t]he Court may also appoint a special education advocate to pursue the child's educational needs.

9

Appointment of these attorneys is not subject to financial eligibility *but is subject to compensation limitations set forth in D.C. Code Sec. 16-2326.01*." (Emphasis added) Further, section II (D)(2)(c) of the Plan provides that "[a] request for excess compensation shall be submitted by the attorney for approval by the *Chief Judge of the Superior Court*…." Clearly the Superior Court's Plan, as well as the D.C. Code, anticipates both that an educational advocate may need to represent the child being represented in Superior Court in forums other than the Superior Court, and that the representation of the child may be extended and complex. Nowhere in either the D.C. Code or in the Plan is there any authorization for an educational advocate, appointed by the Family Division of the Superior Court of the District of Columbia, to seek compensation from any entity other than the Superior Court.

> **B.    Rule 3.7 of the D.C. Rules of Professional Conduct Prohibits a Lawyer From Acting as an Advocate at Trial in Which He is a Likely Witness.**

Even ignoring all other infirmities, proceeding with lawyers in the same firm acting as both plaintiffs and counsel violates Rule 3.7 of the Rules of Professional Conduct. The Superior Court's Plan concerning the appointment of educational advocates appears to assume that the individual chosen will be an attorney.[5] As such the Rules of Professional Conduct are applicable to such educational advocates. Rule 3.7 provides, in pertinent part, that:

> (a)   A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where;
>    (1)   The testimony relates to an uncontested issue;
>    (2)   The testimony relates to the nature and value of legal services rendered in the case; or

---

[5] "The Court may also appoint a special education advocate to pursue the child's educational needs. Appointments *of these attorneys*…." (Plan Section II (B))

10

>> (3) Disqualification of the lawyer would work substantial hardship on the client
>
> (b) A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness . . . .

In this case, if the claims as to which Mr. Houston and Ms. Dalton appear as plaintiffs are not dismissed, both will be subject to immediate discovery unrelated to "the nature and value of legal services rendered" – the only arguable exception to Rule 3.7 here. They will be examined, among other things, on the documents and details relating to (1) their appointment, and the scope of their appointment, by the Superior Court – matters that bear directly on their authority from that court to appear in this Court in this action; (2) who authorized them to institute due process proceedings at DCPS and/or with whom they had retainer or other arrangements – also matters bearing on their status as next friend plaintiffs; (3) whether there are other Superior Court-appointed representative for the children involved, and whether the children's guardians *ad litem* (or anyone else) authorized Mr. Houston and Ms. Dalton to appear as next friend plaintiffs in this action; (4) whether they have requested reimbursement for the services they are claiming here from the Superior Court, and, whether payments have been received.

All of these areas of inquiry, requiring the testimony of Mr. Houston and Ms. Dalton, are necessary and legitimate, do not run to "the nature and value of legal services rendered", and preclude current counsel and their firm from appearing both as attorneys and plaintiffs.

## **CONCLUSION**

This Complaint, while identifying different plaintiffs, is the mirror image of that in the *Gray* and the *Jackson* cases. Judge Urbina's decision dismissing the *Gray* Complaint is four-square precedent for dismissal here.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RISA BILLUPS, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 07-0367 |
| : | (JR) |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |

## **ORDER**

Upon consideration of Defendant's Motion to Dismiss, Plaintiff's Opposition to the same, and the entire record herein, it is this _____ day of _____ 2007, hereby

ORDERED, that defendant's Motion to Dismiss is GRANTED, and

IT IS FURTHER ORDERED, that Plaintiffs' Complaint is dismissed with prejudice.

_____
Judge James Robertson