**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RISA BILLUPS, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 07-0367 |
| : | (JR) |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |

### NOTICE OF FILING

Defendant, District of Columbia, herewith submits a copy of an Order issued by the United States Court of Appeals for the District of Columbia Circuit in Gray v. District of Columbia, No. 07-7061 (Aug. 2, 2007). The Court, in the above captioned case, issued an Order on June 5, 2007, staying all proceedings pending the decision of the Court of Appeals in Gray.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Edward P. Taptich
    EDWARD P. TAPTICH [012914]
    Chief, Equity, Section 2

    /s/ Maria L. Merkowitz
    MARIA L. MERKOWITZ [312967]
    Senior Litigation Counsel
    441 4th Street, N.W., Sixth Floor South
    Washington, DC 20001
    (202) 442-9842
    E-mail – maria.merkowitz@dc.gov

August 9, 2007

# United States Court of Appeals
### For The District of Columbia Circuit

**No. 07-7061**     September Term, 2006

06cv00144

Filed On:

Barbara Gray, as next friend of minor child, D.E., et al.,
          Appellants

v.

District of Columbia Government,
          Appellee



**BEFORE:**   Randolph, Garland, and Kavanaugh, Circuit Judges

### ORDER

Upon consideration of the motion for summary affirmance, the response thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See <u>Taxpayers Watchdog, Inc. v. Stanley</u>, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellants challenge the validity of section 327 of the District of Columbia Appropriations Act of 2005, Pub L. No. 108-335, 118 Stat. 1322, 1344 (2004), capping at $4000 the amount of attorneys' fees that the District of Columbia is authorized to pay. Appellants urge the court to reverse a consistent body of case law striking down challenges to the fee cap, because many changes have occurred with respect to litigation under the IDEA and because, they contend, Congress's intent in imposing the cap has not been realized. Those changes and that contention do not alter the constitutionality of the fee cap. The district court properly dismissed their action for failure to state a claim. See <u>Calloway v. D.C.</u>, 216 F.3d 1 (D.C. Cir. 2000); see also <u>Whately v. D.C.</u>, 447 F.3d 814, 820 (D.C. Cir. 2006); <u>Kaseman v. D.C.</u>, 444 F.3d 637, 642 (D.C. Cir. 2006).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**