**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RISA BILLUPS, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 07-0367 |
| | : | (JR) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Comes now defendant, District of Columbia, by counsel, and moves this

honorable Court to dismiss plaintiff's Amended Complaint, pursuant to Fed. R. Civ. P. 12

(b)(6). The grounds for defendant's Motion to Dismiss are set forth in the accompanying

Memorandum of Points and Authorities.  An appropriate proposed Order is also attached.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,  Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

OCTOBER 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RISA BILLUPS, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 07-0367 |
| | : | (JR) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT

Procedural Statement

On February 20, 2007, plaintiffs filed a Complaint in the instant case, seeking reimbursement for attorney's fees from the District of Columbia, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400, *et seq*. Forty six plaintiffs were named, twelve of whom are attorneys from the law firm bringing the lawsuit, allegedly acting in their capacity as educational advocates appointed by the District of Columbia Superior Court. The Complaint contained two counts which were virtually identical to the counts included in a prior lawsuit brought by the same law firm, *Gray v. District of Columbia,* Civ. No. 06-0144 (D.D.C.), which was dismissed by the honorable Judge Urbina on March 12, 2007. (March 12, 2007 Memorandum Opinion [24])

In this case, as in *Gray,* the first Count of the Complaint alleged that "an incongruity continues to exist" between Section 122 of the District of Columbia Appropriations Act of 2006, which caps IDEIA attorneys' fees at $4,000, and the

provision of the IDEIA that permits courts to award attorney's fees, and asserts that "the

Courts cannot leave it up to Congress to resolve this issue." Complaint at 39, par. 53.

The second Count of the Complaint, as in *Gray*, alleged that the attorneys' fees cap

"effectively limits the access of the District of Columbia's poor families to quality legal

representation, which impairs their due process protections under the IDEA."  Complaint

at 40, par. 55.

Plaintiffs here sought, *inter alia,* as they did in *Gray*, to have this honorable

Court:

> A. [f]ind that the cap imposed under Section 122 of the District of Columbia
> Appropriations Act of 2006 is arbitrary and limits access to the due process
> protections provided by the IDEA.
>
> B. Find that the Defendant has, with respect to each Plaintiff, deprived said
> Plaintiff of rights, privileges, and the benefits that are available and secured by
> the laws of the United States, specifically 20 U.S.C. Sec. 1400 *et seq.*

Complaint, Prayer for Relief

On April 5, 2007, plaintiffs filed an appeal of the *Gray* decision in the United

States Court of Appeals for the District of Columbia Circuit.  On May 14, 2007,

defendant District of Columbia filed a Motion to Dismiss the instant matter.  On June 5,

2007, this honorable Court issued an Order, denying without prejudice defendant's

Motion to Dismiss and ordered, *sua sponte*, that all further proceedings in the case be

stayed pending the decision of the Court of Appeals.  On August 2, 2007, the Court of

Appeals issued an Order granting the District of Columbia's Motion for Summary

Affirmance, noting in part, that plaintiffs were urging the court "to reverse a consistent

body of case law striking down challenges to the fee cap…."  (August 2, 2007, Order at

1, emphasis added)

On August 30, 2007, this honorable Court issued a Memorandum Order dismissing that part of plaintiffs' Complaint that sought attorneys' fees over the statutory fee cap of $4,000, in light of the summary decision by the Court of Appeals in *Gray*. With regard to plaintiffs' claims for fees that were less than the statutory fee cap, this honorable Court found that "the complaint [was] simply unclear… [because] it [did] not identify any legal basis for granting these under-the-cap fees."  (August 30, 2007 Memorandum Order at 1-2)  Accordingly, the Court granted plaintiffs leave to amend their Complaint, "so that it more clearly states the factual and legal basis – if any – for the fees sought under the statutory cap of $4,000.00."  (*Id*. At 2)

On October 1, 2007, plaintiffs filed an Amended Complaint.  The Amended Complaint is identical to the original Complaint, with the exception that instead of using initials to identify the minor plaintiffs, as was done in the Complaint, their full names are spelled out in the Amended Complaint.  There is no Count for fees under the statutory fee cap.

## ARGUMENT

### I.    Standard Of Review For Dismissal Of A Complaint Pursuant To Fed. R. Civ. P. 12(b)(6)

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)).  However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts.  *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.

4

Cir. 1994). Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987)

## II. Plaintiffs Have Failed to Identify Any Legal or Factual Basis for Granting Attorneys' Fees Under the Statutory $4,000.00 Fee Cap.

This Court's August 30, 2007, Memorandum Order very explicitly ordered the plaintiffs to identify the legal basis for their claim that despite receiving payment from DCPS for their attorneys' fees petitions, they were nonetheless owed monies by DCPS because they were not paid up to the statutory fee cap of $4000.00. Plaintiffs have proffered not one factual or legal basis to support their claim.

## III. The Amended Complaint Fails To Allege That The Defendant Is Violating The Plaintiffs' IDEIA rights.

While plaintiffs' Amended Complaint, as their original Complaint, asserts jurisdiction generally under IDEIA (*See* Amended Complaint, par. 1), it fails to include any Count alleging that defendant violated the plaintiffs' rights under the statute. The Amended Complaint contains only a factual recitation that the plaintiffs were prevailing parties at due process hearings, that they submitted petitions for attorneys' fees pursuant to the IDEIA, and that they did not receive the full amount requested. Even were this Court to accept the factual recitation as an allegation of a violation of the IDEIA, the Amended Complaint would still need to be dismissed since plaintiffs have not established a predicate statutory violation. "Only the court (and not the defendant) may award the

plaintiffs reasonable attorneys' fees 20 U.S.C. Sec. 1415(i)(3)(B) (stating that the *court may award reasonable attorneys' fees' in any district court proceeding to enforce IDEA rights)." *Gray v. District of Columbia* Civ. No. 06-0144 (D.D.C. March 12, 2007), Memorandum Opinion at 8 [24]. Thus, since "plaintiffs do not have a statutory right to enforce until a court awards them attorneys' fees …[t]he complaint … cannot possibly be read to allege that the defendant is violating the plaintiffs' statutory rights." *Bowman v. District of Columbia* Civ. No. 06-016 (D.D.C. March 20, 2007), Memorandum Opinion at 6 [13]. *See also Gray, supra,* March 12, 2007 Memorandum Opinion.

Further, "assuming, *arguendo,* that the plaintiffs have a statutory right to collect attorneys' fees from the defendant absent court order, there is no indication on the face of the [amended] complaint that the defendant is improperly reducing the amount of the requested fee awards. It makes no sense to read the IDEA as requiring the defendant to pay each and every fees request submitted by an attorney without any scrutiny or review." *Bowman, supra,* Memorandum Opinion [13] at 7.

## IV. Because Education Advocates are "Parents" Under the IDEIA, Ms. Dalton and Mr. Houston May Not Recover Attorneys' Fees Where They Acted as Educational Advocates.

Twelve of the forty-six named plaintiffs in the Amended Complaint, as in the original Complaint, are wards of the District of Columbia. They are allegedly represented by Ellen Douglas Dalton and William E. Houston here, because counsel is their "court appointed" educational advocate. The issue of whether an educational advocate appointed in such a manner has the ability to collect attorneys' fees in this court, was recently decided by the Honorable Ricardo M. Urbina in *Bowman v. District of Columbia,* Civ. No. 06-0016 (D.D.C.) (August 1, 2007Memorandum Opinion at 9-11).

In *Bowman,* Judge Urbina concluded that educational advocates appointed, as were Ms. Dalton and Mr. Houston, by the Family Court of the District of Columbia Superior Court, to act as guardians, for educational purposes, for wards of the District of Columbia, "qualify as 'parents' under the IDEA" and as such, may not be awarded legal fees under the general rule prohibiting *pro se* attorney-parents from recovering fees.  (*Id.* At 9) *See Kay v. Ehler,* 499 U.S. 432, 435, 437 (1991); accord. *Woodside v. Bd. Of Educ.,* 248 F.3d 129 (3d Cir. 2001); *S.N. v. Pittsford Cent. Sch. Dist.,* 448 F.3d 601 (2d Cir. 2006).  Accordingly, those allegations where Ms. Dalton and Mr. Houston are named as a plaintiff and next friend of a ward of the District of Columbia must be dismissed.

## CONCLUSION

The Amended Complaint fails to provide any factual or legal basis for plaintiffs' allegations that they are owed attorneys' fees for which they have not been paid the full statutory fee cap of $4000.00 by DCPS.  Accordingly, the Amended Complaint must be dismissed with prejudice.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

October 22, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RISA BILLUPS, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 07-0367 |
| | : | (JR) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss, Plaintiffs' Opposition to the same, and the entire record herein, it is this _____ day of _____ 2007, hereby

ORDERED, that defendant's Motion to Dismiss is GRANTED, and

IT IS FURTHER ORDERED, that Plaintiffs' Amended Complaint is dismissed with prejudice.

_____

Judge James Robertson

9